1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 In re PW SUPERMARKETS, INC.,

8 Debtor.      Case No.  15-cv-02615-PJH

9      Bankr. Ct. Adv. Case. No. 14-4150

10 UFCW & EMPLOYERS BENEFIT
TRUST FUND, et al.,

11      **ORDER ADOPTING
RECOMMENDATION OF
BANKRUPTCY COURT AND DENYING
MOTION TO WITHDRAW REFERENCE**

Plaintiffs,

12

v.

13

14 JOY LYNN BELLI, et al.,

15 Defendants.

16       The court hereby adopts the recommendation of the bankruptcy court regarding

17 withdrawal of the bankruptcy reference and DENIES the motion of defendants Pahl &

18 McCay and Stephen D. Pahl (collectively "Pahl & McCay") for an order withdrawing

19 reference of the bankruptcy adversary proceeding pursuant to 28 U.S.C. § 157(d).

20       Pahl & McCay have not demonstrated that the legal malpractice and breach of

21 fiduciary claims asserted against them in this adversary proceeding require mandatory

22 withdrawal pursuant to the second sentence of 28 U.S.C. § 157(d), which provides as

23 follows: "The district court shall, on timely motion of a party, so withdraw a proceeding if

24 the court determines that resolution of the proceeding requires consideration of both title

25 11 and other laws of the United States regulating organizations or activities affecting

26 interstate commerce."  Nor is immediate withdrawal of the reference warranted pursuant

27 to the first sentence of § 157(d) governing permissive withdrawal: "The district court may

28 withdraw, in whole or in part, any case or proceeding referred under this section, on its

United States District Court
Northern District of California

own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Though Pahl & McCay have made a jury demand, which the bankruptcy court has determined was timely, the court does not find cause for immediate withdrawal of the non-core claims against them, considering the efficient use of judicial resources in light of the bankruptcy court's familiarity with this litigation and ability to resolve pretrial disputes. *See In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) ("a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters.") (citations omitted). Pursuant to Bankruptcy Local Rule 9015-2(b), the bankruptcy court is authorized to retain the claims against Pahl & McCay until all pretrial matters, including motions for summary judgment for which the bankruptcy court may submit proposed findings of fact and conclusions of law, are resolved. Accordingly, the motion of Pahl & McCay to withdraw the reference is DENIED as premature.

     **IT IS SO ORDERED.**

Dated:  July 24, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge